Slip Op. 18-119

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| S.C. JOHNSON & SON, INC., | |
| **Plaintiff,** | |
| v. | Before: Jennifer Choe-Groves, Judge |
| UNITED STATES, | Court No. 14-00184 |
| **Defendant.** | |

## OPINION

[Denying both motions for summary judgment with respect to the classification of certain Ziploc plastic bags.]

Dated: September 14, 2018

<u>Michael E. Roll</u>, Pisani & Roll, LLP, of Los Angeles, CA, and <u>Brett I. Harris</u>, Pisani & Roll, LLP, of Washington, D.C., argued for Plaintiff S.C. Johnson & Son, Inc.

<u>Monica P. Triana</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., argued for Defendant United States. With her on the brief were <u>Chad A. Readler</u>, Acting Assistant Attorney General, and <u>Amy M. Rubin</u>, Assistant Director. Of counsel on the brief was <u>Sheryl A. French</u>, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, New York, N.Y. <u>Jamie L. Shookman</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., also appeared.

Choe-Groves, Judge: This case addresses whether Ziploc plastic bags marketed by S.C. Johnson & Son, Inc. ("Plaintiff" or "SCJ") are "other household articles" or "articles for the conveyance or packing of goods" under the Harmonized Tariff Schedule of the United States ("HTSUS") (2013). Pending before the court are cross-motions for summary judgment. <u>See</u> Pl.'s Mot. Summ. J., Nov. 1, 2017, ECF No. 66; Pl.'s Mem. Law Supp. Pl.'s Mot. Summ. J., Nov. 1, 2017, ECF No. 66-2 ("Pl. Br."); Def.'s Cross-Mot. Summ. J., Dec. 22, 2017, ECF

71; Def.'s Mem. Law Opp'n Pl.'s Mot. Summ. J. & Supp. Cross-Mot. Summ. J., Dec. 22, 2017,

ECF No. 71 ("Def. Br.").

SCJ argues that U.S. Customs and Border Protection ("Customs") improperly denied its

protests challenging the classification of its imported Ziploc plastic bags. See Pl. Br. 1–2.

Plaintiff contends that its merchandise is classifiable under HTSUS Subheading 3924.90.56,

which covers:

> 3924    Tableware, kitchenware, other household articles and hygienic or toilet
>         articles, of plastics:
>
>    3924.90   Other:
>
>        3924.90.56   Other

Subheading 3924.90.56, HTSUS. The tariff provision delineates a duty rate of 3.4% *ad valorem*,

but Plaintiff seeks duty-free treatment because products classifiable under HTSUS Subheading

3924.90.56 are eligible for duty-free treatment under the Generalized System of Preferences

("GSP"). See Pl. Br. 2.

The United States ("Defendant" or "Government") maintains that Customs properly

classified the imported Ziploc plastic bags under HTSUS Subheading 3923.21.00. See Def. Br.

10–11. The tariff provision reads as follows:

> 3923    Articles for the conveyance or packing of goods, of plastics; stoppers, lids,
>         caps and other closures, of plastics:
>
>    3923.21   Sacks and bags (including cones):
>
>        3923.21.00   Of polymers of ethylene.

Subheading 3923.21.00, HTSUS. Products classified under this provision are dutiable at 3.0%

*ad valorem*.

## ISSUES PRESENTED

The court considers two issues:

1.      Do the undisputed facts establish that Plaintiff's Ziploc plastic bags are

classifiable as "articles for the conveyance or packing of goods" under HTSUS

Heading 3923?

2.      Do the undisputed facts establish that Plaintiff's Ziploc plastic bags are

classifiable as "other household articles" under HTSUS Heading 3924?

For the reasons discussed below, the court concludes that the Parties have failed to

proffer sufficient undisputed material facts for the court to determine whether Plaintiff's Ziploc

plastic bags are *prima facie* classifiable under HTSUS Heading 3923.  The case will proceed to

trial.  The court defers its analysis of whether Plaintiff's Ziploc plastic bags are *prima facie*

classifiable under HTSUS Heading 3924 until trial.

## UNDISPUTED FACTS

The following facts are not in dispute.

This test case covers a single entry of Ziploc plastic bags from 2013.  See Pl.'s Rule 56.3

Statement of Material Facts Not in Dispute ¶ 1, Nov. 1, 2017, ECF No. 66-1 ("Pl. Facts"); Def.'s

Resps. to Pl. S.C. Johnson & Son, Inc.'s Rule 56.3 Statement of Material Facts ¶ 1, Dec. 22,

2018, ECF No. 71-1 ("Def. Facts Resp.").  Plaintiff's plastic bags were entered and liquidated

under HTSUS Subheading 3923.21.00 and assessed at a duty rate of 3.0% *ad valorem*.  See Pl.

Facts ¶¶ 2–3; Def. Facts Resp. ¶¶ 2–3; see also Compl. ¶ 8, Dec. 8, 2014, ECF No. 5; Answer ¶

8, Aug. 7, 2015, ECF No. 15.

Plaintiff filed a timely protest, arguing that its plastic bags are classifiable under HTSUS

Subheading 3924.90.56 and are entitled to duty-free treatment pursuant to GSP.  See Pl. Facts

¶ 4–5; Def. Facts Resp. ¶ 4–5; see also Summons, Aug. 1, 2014, ECF No. 1.  The protest was

"not allowed or denied in whole or in part" within the statutory timeframe, and SCJ filed this

action.  See Pl. Facts ¶ 7; Def. Facts Resp. ¶ 7; see also Summons; Compl.  The matter was

subsequently designated a test case.  See Order, Oct. 5, 2015, ECF No. 19.  The court held oral

argument on May 14, 2018.  See Oral Argument, May 14, 2018, ECF No. 85.

Plaintiff's merchandise at issue are Ziploc plastic bags.  See Pl. Facts ¶ 9; Def. Facts

Resp. ¶ 9.  Plaintiff's plastic bags measure 6-1/2 inches by 5-7/8 inches and are manufactured

from polyethylene resin pellets that are used in an extrusion process for both the film and plastic

zipper seals featured on Plaintiff's plastic bags.  See Pl. Facts ¶ 10; Def. Facts Resp. ¶ 10.  Each

Ziploc plastic bag has an interior space that can accommodate relatively small items.  See Def.'s

Statement of Undisputed Material Facts ¶ 5, Dec. 22, 2017, ECF No. 71-2 ("Def. Facts"); Pl.'s

Resp. to Def.'s Statement of Undisputed Material Facts ¶ 5, Jan. 22, 2018, ECF No. 75-1 ("Pl.

Facts Resp.").  The Ziploc plastic bags are made to contain items.  See Def. Facts ¶ 6; Pl. Facts

Resp. ¶ 6.  The Ziploc plastic bags covered by the entry were imported from Thailand to the

United States through the Port of Los Angeles in May 2013.  See Def. Facts ¶ 1; Pl. Facts Resp.

¶ 1.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (2012) and 19 U.S.C. § 1515.

The court will grant summary judgment if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law.  USCIT R. 56(a).

To raise a genuine issue of material fact, a party cannot rest upon mere allegations or denials and

must point to sufficient supporting evidence for the claimed factual dispute to require resolution

of the differing version of the truth at trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248–49 (1986); Processed Plastics Co. v. United States, 473 F.3d 1164, 1170 (Fed. Cir. 2006);

Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd., 731 F.2d 831, 835–36 (Fed. Cir.

1984).

## ANALYSIS

### A.  Legal Framework

A two-step process guides the court in determining the correct classification of

merchandise.  First, the court ascertains the proper meaning of the terms in the tariff provision.

See Schlumberger Tech. Corp. v. United States, 845 F.3d 1158, 1162 (Fed. Cir. 2017) (citing

Sigma-Tau HealthScience, Inc. v. United States, 838 F.3d 1272, 1276 (Fed. Cir. 2016)).  Second,

the court determines whether the merchandise at issue falls within the parameters of the tariff

provision.  See id.  The former is a question of law and the latter is a question of fact.  See id.

"[W]hen there is no dispute as to the nature of the merchandise, then the two-step classification

analysis 'collapses entirely into a question of law.'"  Link Snacks, Inc. v. United States, 742 F.3d

962, 965–66 (Fed. Cir. 2014) (quoting Cummins Inc. v. United States, 454 F.3d 1361, 1363 (Fed.

Cir. 2006)).

The court reviews classification cases de novo.  See 28 U.S.C. § 2640(a)(1).  Customs is

afforded a statutory presumption of correctness in classifying merchandise under the HTSUS,

see id. § 2639(a)(1), but this presumption does not apply to pure questions of law.  See Universal

Elecs. Inc. v. United States, 112 F.3d 488, 492 (Fed. Cir. 1997).  The court has "an independent

responsibility to decide the legal issue of the proper meaning and scope of HTSUS terms,"

Warner-Lambert Co. v. United States, 407 F.3d 1207, 1209 (Fed. Cir. 2005) (citing Rocknel

Fastener, Inc. v. United States, 267 F.3d 1354, 1358 (Fed. Cir. 2001)), and therefore must

determine "whether the government's classification is correct, both independently and in

comparison with the importer's alternative."  Jarvis Clark Co. v. United States, 733 F.2d 873,

878 (Fed. Cir. 1984).

        The classification of merchandise under the HTSUS is governed by the General Rules of

Interpretation ("GRIs") and, if applicable, the Additional U.S. Rules of Interpretation ("ARIs"),

which are both applied in numerical order.  BenQ Am. Corp. v. United States, 646 F.3d 1371,

1376 (Fed. Cir. 2011) (citing N. Am. Processing Co. v. United States, 236 F.3d 695, 698 (Fed.

Cir. 2001)).  GRI 1 instructs that, "for legal purposes, classification shall be determined

according to the terms of the headings and any relative section or chapter notes."  GRI 1.

"Absent contrary legislative intent, HTSUS terms are to be 'construed [according] to their

common and popular meaning.'"  Baxter Healthcare Corp. of P.R. v. United States, 182 F.3d

1333, 1337 (Fed. Cir. 1999) (quoting Marubeni Am. Corp. v. United States, 35 F.3d 530, 534

(Fed. Cir. 1994)).

        In construing the terms of the headings, "[a] court may rely upon its own understanding

of the terms used and may consult lexicographic and scientific authorities, dictionaries, and other

reliable information sources."  Carl Zeiss, Inc. v. United States, 195 F.3d 1375, 1379 (Fed. Cir.

1999) (citing Baxter Healthcare Corp. of P.R., 182 F.3d at 1337–38).  The court may also consult

the Harmonized Commodity Description and Coding System's Explanatory Notes ("Explanatory

Notes"), which "are not legally binding or dispositive," Kahrs Intern., Inc. v. United States, 713

F.3d 640, 645 (Fed. Cir. 2013), but "provide a commentary on the scope of each heading of the

Harmonized System" and are "generally indicative of proper interpretation of the various

provisions."  H.R. Rep. No. 100–576, 549 (1988), reprinted in 1988 U.S.C.C.A.N. 1547, 1582;

see also E.T. Horn Co. v. United States, 367 F.3d 1326, 1329 (Fed. Cir. 2004).  Tariff terms are

defined according to the language of the headings, the relevant section and chapter notes, the

Explanatory Notes, available lexicographic sources, and other reliable sources of information.

**B.  Analysis of the Terms Under HTSUS Heading 3923**

The first issue concerns whether Plaintiff's merchandise is *prima facie* classifiable under

HTSUS Heading 3923.  The court must assess whether HTSUS Heading 3923 is an *eo nomine*

provision or a use provision at the outset, as that distinction guides the analysis.  See

Schlumberger Tech Corp., 845 F.3d at 1164.  An *eo nomine* provision describes articles by

specific names.  See id.  A use provision, by contrast, classifies articles based on their principal

or actual use.  See id.; see also R.T. Foods, Inc. v. United States, 757 F.3d 1349, 1354 (Fed. Cir.

2014).  ARI 1(a), which governs use provisions, provides that:

1.  In the absence of special language or context which otherwise requires--

(a) a tariff classification controlled by use (other than actual use) is to be
determined in accordance with the use in the United States at, or
immediately prior to, the date of importation, of goods of that class or kind
to which the imported goods belong, and the controlling use is the principal
use.

ARI 1(a).  In this context, principal use "has been defined as the use 'which exceeds any other

single use.'"  Aromont USA, Inc. v. United States, 671 F.3d 1310, 1312 (Fed. Cir. 2012)

(emphasis omitted) (quoting Lenox Collections v. United States, 20 CIT 194, 196 (1996)).

The court first considers the meaning and scope of HTSUS Heading 3923, "articles for the conveyance or packing of goods." Because the terms of the heading contemplate a specific use (<u>i.e.</u>, "conveyance or packing of goods"), this court regards HTSUS Heading 3923 as a principal use provision. "Conveyance" is defined as "a means of carrying or transporting something." <u>Webster's Third New International Dictionary</u> 499 (unabr. 1993). "Convey" is defined as "to bear from one place to another." <u>Id.</u> "Packing" is defined as "to process and put into containers in order to preserve, transport, or sell." <u>The American Heritage Dictionary of the English Language</u> 1261 (4th ed. 2000); <u>see also</u> <u>Webster's Third New International Dictionary</u> 1618 (unabr. 1993) ("[T]he act or process of preparing goods for shipment or storage."). The court concludes that HTSUS Heading 3923 is a principal use provision and encompasses goods of plastic used to carry or to transport other goods of any kind.

**C.  Classification of Plaintiff's Merchandise Under HTSUS Heading 3923**

Principal use provisions require the court to determine whether the group of goods are "commercially fungible with the imported goods" in order to identify the use "which exceeds any other single use." <u>Aromont USA, Inc.</u>, 671 F.3d at 1312. When analyzing whether the subject merchandise is commercially fungible, the court considers the <u>Carborundum</u> factors, which are

> [1] use in the same manner as merchandise which defines the class; [2] the general physical characteristics of the merchandise; [3] the economic practicality of so using the import; [4] the expectation of the ultimate purchasers; [5] the channels of trade in which the merchandise moves; [6] the environment of the sale, such as accompanying accessories and the manner in which the merchandise is advertised and displayed; and [7] the recognition in the trade of this use.

Id. at 1313 (citing United States v. Carborundum, 63 C.C.P.A. 98, 102, 536 F.2d 373, 377

(1976)).  ARI 1(a) requires examination of the principal use not only of Plaintiff's plastic bags,

but of all similar plastic bags.

The undisputed facts establish the general physical characteristics of Plaintiff's plastic

bags, including the measurements and design.  See Def. Facts ¶¶ 4–8, 15; Pl. Facts Resp. ¶¶ 4–8,

15.  The undisputed facts highlight consumers' personal use of Plaintiff's plastic bags, which

relate to the expectation of the ultimate purchaser and the actual use.  See Def. Facts ¶¶ 36–40;

Pl. Facts Resp. ¶¶ 36–40.  Despite the foregoing information, the Parties have not provided the

court with sufficient undisputed material facts for the court to conduct a full analysis pursuant to

the Carborundum factors at this juncture.  Because there are disputed facts with respect to

principal use, the court cannot determine on summary judgment whether Plaintiff's plastic bags

are *prima facie* classifiable under HTSUS Heading 3923.  The court will hold a trial on this

issue.

**D.  Analysis of the Terms Under HTSUS Heading 3924**

Plaintiff argues that its plastic bags are *prima facie* classifiable under HTSUS Heading

3294 for "tableware, kitchenware, other household articles and hygienic or toilet articles, of

plastics."  The parties disagree as to whether HTSUS Heading 3924 is an *eo nomine* or principal

use provision.  Compare Pl. Br. 19–21 (arguing for principal use) with Def. Br. 40 (arguing that

no principal use analysis is needed).

*Eo nomine* tariff headings describe "the subject merchandise by name, not by use."

Kahrs Intern., Inc., 713 F.3d at 645–46 (citing Clarendon Mktg., Inc. v. United States, 144 F.3d

1464, 1467 (Fed. Cir. 1998)).  Here, the court's inquiry focuses on the meaning of "household

articles . . . of plastics."  The phrase does not suggest a type of use, and therefore the court

declines to read one into it.  See id. at 646 (citing Carl Zeiss, Inc., 195 F.3d at 1379) (stating that

the court "should not read a use limitation into an *eo nomine* provision unless the name itself

inherently suggests a type of use").  The court concludes that HTSUS Heading 3924 is an *eo

nomine* provision, not a principal use provision.

The court examines HTSUS Heading 3924 with respect to the relevant tariff terms

"household articles."  "Household" is defined as "the maintaining of a house," "household goods

and chattels," "a domestic establishment," or "of or relating to a household."  Webster's Third

New International Dictionary 1096 (unabr. 1993); see also The American Heritage Dictionary of

the English Language 851 (4th ed. 2000) ("Of, relating to, or used in a household.").  "Article" is

defined as an "individual thing or element of a class; a particular object or item."  The American

Heritage Dictionary of the English Language 101 (4th ed. 2000).

The Explanatory Note for HTSUS Heading 3924 provides further guidance for the

court's analysis.  The Explanatory Note states, in relevant part: "This heading covers the

following articles of plastics: . . . (C) Other household articles such as ash trays, hot water

bottles, matchbox holders, dustbins, buckets, watering cans, food storage containers, curtains,

drapes, table covers and fitted furniture dust-covers (slipovers)."  Explanatory Note to Heading

3924, HTSUS.  The court finds the reference in the Explanatory Note to "other household

articles" to be helpful in defining the broad scope of the tariff terms.  The listed articles are all

goods commonly found in the home.  The court concludes that the plain meaning of the tariff

terms in HTSUS Heading 3924 covers plastic goods of or relating to the house or household.

Plaintiff urges the court to define HTSUS Heading 3924 as encompassing "various household containers for food" and attempts to support its assertion with a previous decision by the U.S. Court of Appeals for the Federal Circuit, SGI, Inc. v. United States, 122 F.3d 1468 (Fed. Cir. 1997). See Pl.'s Br. 18–21. The SGI, Inc. court held that the portable soft-sided vinyl insulated coolers at issue were properly classified under HTSUS Subheading 3924.10.50 by analyzing the listed exemplars for HTSUS Subheading 3924.10. SGI, Inc., 122 F.3d at 1472–73. HTSUS Subheading 3924.10 included "[t]ableware and kitchenware: Salt, pepper, mustard and ketchup dispensers and similar dispensers," which the court read as encompassing "various household containers for foodstuffs." Id. at 1473. SGI, Inc. is inapposite to the instant case. The SGI, Inc. court's reasoning concentrated on the terms "tableware and kitchenware" at the six-digit level of the tariff heading, whereas here, the court's inquiry at this stage properly concerns the four-digit level of the tariff heading and focuses on the terms "household articles." While the court recognizes that household articles may include food containers, HTSUS Heading 3924 is not so constrained. By arguing that HTSUS Heading 3924 only includes household containers for foodstuffs, SCJ attempts to engraft an additional limitation on the tariff heading in contravention of the heading's text.

The court concludes that, based on the plain language of the provision, HTSUS Heading 3924 is an *eo nomine* provision that encompasses plastic goods of or relating to the house or household. The court defers its analysis of Plaintiff's merchandise under HTSUS Heading 3924 until trial. The case will proceed to trial on this issue.

## CONCLUSION

For the foregoing reasons, the court concludes that:

1.      There exist genuine issues of material fact regarding whether Plaintiff's plastic

bags are *prima facie* classifiable under HTSUS Heading 3923.  Because genuine

issues of material fact remain unresolved, the court denies the cross-motions for

summary judgment and the case shall proceed to trial.

2.      The court defers its analysis of whether Plaintiff's plastic bags are *prima facie*

classifiable under HTSUS Heading 3924 until trial.

3.      The court's determination of whether Plaintiff's merchandise is eligible for duty-

free treatment under GSP must be postponed, as Plaintiff's merchandise would

only qualify for GSP treatment if the merchandise is found to be properly

classified under HTSUS Heading 3924.


                                                        /s/ Jennifer Choe-Groves
                                                     Jennifer Choe-Groves, Judge

Dated:  September 14, 2018
            New York, New York